## JULY SITTINGS, 1824.

### CORAM BETTS, J.

RANKIN et al. *against* NOAH, Sheriff of the city and county of New York.

Under the act for relief against absent and absconding debtors, if the attaching creditor releases the property attached, and it is thereupon removed beyond his *bailiwick,* if a second attachment is afterwards issued, by other creditors, the sheriff is justified in returning *nulla bona.*

ACTION on the case for a false return to an attachment issued under the act, for relief against absent and absconding debtors.

The declaration, after setting forth the application of the creditors of one Marcus Jacobs, to the first judge of the court of common pleas, in the city and county of New York, for an attachment against his property as an absent debtor, the issuing of the attachment thereupon, and the appointment of the plaintiffs as trustees, &c., averred that the sheriff, under the said attachment, seized a certain brig, or vessel, called the Mary of London, belonging to the said debtor. But, contriving, &c., to injure the plaintiffs, had returned upon the attachment that the debtor had no goods or chattels, &c., within his *bailiwick.*

Another count in the declaration averred that, after the issuing of the said attachment and the delivery of it to the

sheriff for execution, the said brig Mary, owned by the debtor, was within his *bailiwick*, and he might and ought to have seized her, but neglected so to do, and made return, &c., as before.

Plea, general issue.

The plaintiffs proved that, in October, 1821, a creditor of Marcus Jacobs, caused an attachment to be issued under the absconding and absent debtor's act, against his property as an absent debtor. That upon this attachment the defendant seized the brig Mary of London. That a jury had been duly empannelled upon the said seizure, who found the ownership to be in the said Marcus Jacobs. That, upon receiving a bond of indemnity from the friends of said Jacobs, the defendant delivered up the said brig to them, and allowed her to leave the port of New York. That, after she had thus departed from the port, other creditors had caused like attachments to issue, and had delivered them, for execution, to the defendant. After the delivery of these attachments, the first attachment was regularly superseded according to the statute. Under the second series of attachments, the plaintiffs were duly appointed trustees. These attachments were returned by the defendant, *nulla bona.*

*Ogden* and *Hoffman*, for the defendant, contended that attachments under the absconding and absent debtor acts, until trustees are appointed, are for the benefit of the attaching creditors, and are under his control. *Fosgate* v. *Mahon, sh.'ff., &c.*, 16 Johns. 162. And as there had been no actual seizure under the second attachments, and as the property, when he received such process, was not within his *bailiwick*, the return was not falsified.

*Emmet,* contra, insisted that as the defendant was bound to hold the property, seized under the first attachment, until a *supersedeas* was duly issued, and as no *supersedeas* had issued, when the second attachments came to the defendant's hands, he was then, in intendment of law, still in possession of the property seized under the first attachment, and, therefore, his return was false.

BETTS, J. Under the pleadings in this case, the plaintiffs must either show an actual seizure of the brig Mary, under the second attachments, or that she was within the defendant's *bailiwick,* and might have been seized by him after more attachments came to his hands. A possession by intendment of law will not do.

Plaintiffs non-suited.(1)

*D. B. Ogden* and *Hoffman,* for plaintiffs.

*Emmet* and *Selden,* for defendant.

(1) Since the above adjudication, the remedy by attachment against absent and absconding debtors, has undergone great changes. Unlike the attachment against absent or absconding debtors, under the Revised Statutes, which was for the benefit of all the creditors, the attachment now is for the benefit of the individual creditor. *Vide,* Code, c. 4, tit. 7.